UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EXPRESS SCRIPTS, INC., and EXPRESS SCRIPTS HOLDING COMPANY,<br><br>　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:21CV737 HEA<br>)<br>)<br>)<br>)<br>) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Partially Dismiss Express Script's Claims for Lack of Subject Matter Jurisdiction, [Doc. No.88]. Plaintiffs oppose the Motion. For the reasons set forth below, the Motion will be granted.

Facts and Background

Plaintiffs brought this action pursuant to 26 U.S.C. § 7422 for a refund of federal income taxes. Plaintiffs allege they properly claimed the Domestic Production Activities Deduction pursuant to 26 U.S.C. §199 which was in effect during 2010, 2011, and 2012.

As detailed in the parties' pleadings, Section 199 allowed a deduction based on receipts from qualified domestic production gross receipts, ("DPGR"), Allocable costs and expenses are subtracted from the DPGR to reach Qualifying

Activities Income, ("QPAI"). Generally, the deduction is equal to 9% of the lesser of the QPAI or the taxpayer's total taxable income. The amount of the deduction must be calculated by determining the amount of Qualifying Receipts derived from "any lease, rental, license, sale, exchange, or other disposition" of the taxpayer's qualifying production property. 26 U.S.C. § 199. Plaintiffs contended that their Software was qualifying property. Plaintiffs analyzed its gross receipts for the relevant years, 2010, 2011, and 2012. They classified each type of gross receipt as qualifying, (included in the DPGR), apportionable (included in DPRG on an allocable basis), or non-qualifying (not included in DPGR). In this analysis, Plaintiffs originally determined that "gross rebates" and only 27 to 36 percent of the mail claims revenue generated by its mail order pharmacy entity was qualifying.

Plaintiffs made informal claims for the deductions during an IRS examination. Plaintiffs identified the rebates as non-DPGR in December 2014. Plaintiffs gave the IRS a series of workpapers and memos wherein it itemized dozens of categories of its revenue and expenses during the applicable time period.

The revenue qualification memos noted that the rebates were carved out as not relating to claims processing. Further, the memos identified a portion of the mail claim revenue related to refill claims that are initiated via third party access into the adjudication platform (the Software) was identified as qualifying software

2

revenue. Plaintiffs maintained these positions regarding rebates and a portion of the mail claims (those which were initiated by Plaintiffs manually entering mail claims) in the administrative claim they filed with the IRS for refunds for the years 2010, 2011, and 2012.

In its June 2024 expert reports, however, Plaintiffs proposed the Section 199 deduction calculations included rebate revenue and manually entered mail claims in DPGR.

Defendant moves to dismiss those portions of the claims herein that relate to rebate revenue and the mail claims which were manually entered as not includable in DPGR as barred by the "substantial variance" doctrine.

Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the Court must first "distinguish between a 'facial attack' and a 'factual attack.' " *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990); *Smith v. UnitedHealth Group Inc.*, 106 F.4th 809, 812 (8th Cir. 2024).(On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), courts must "consider whether a party is asserting a 'facial attack' or a 'factual attack' on jurisdiction." (citing *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016))." A facial challenge requires the court to "determine whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint ...

3

and drawing all reasonable inferences in favor of the plaintiff." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted). In a factual attack, the nonmoving party "does not have the benefit of 12(b)(6) safeguards" and the court "inquires into and resolves factual disputes*." Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). Thus, since Defendant relies on materials beyond the pleadings, the attack is a factual attack. Therefore, the truth of the allegations will not be assumed.

## Discussion

The dispute at the center of this motion is whether Plaintiffs can claim refunds for rebates and the manually entered mail order claims. Defendant argues Plaintiffs are barred from seeking refunds based on these items because they are a substantial variance from what Plaintiffs presented to the IRS for its review. Plaintiffs contend including these items in the claim is not barred since they make up evidence of the amount of the deduction requested which does not implicate the substantial variance doctrine.

In order to file a suit for a tax refund, the taxpayer must file an administrative refund claim. 26 U.S.C. § 7422(a). An administrative refund claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the commissioner of the exact basis thereof." Treas. Reg § 302.6402-2(b).

4

Under the "substantial variance" doctrine, a taxpayer is barred from presenting claims in a tax refund action that

> "substantially vary" the legal theories and factual bases set forth in the tax refund claim presented to the IRS. See *Cook v. United States*, 220 Ct.Cl. 76, 599 F.2d 400, 406 (1979). With regard to the legal component of the "substantial variance" rule, "[a]ny legal theory not expressly or impliedly contained in the application for refund cannot be considered by a court in which a suit for refund is subsequently initiated." *Burlington*, 684 F.2d at 868. The taxpayer similarly may not substantially vary at trial the factual bases raised in the refund claims presented to the IRS. See *Ottawa Silica Co. v. United States*, 699 F.2d 1124, 1138 (Fed.Cir.1983). The substantial variance rule (1) gives the IRS notice as to the nature of the claim and the specific facts upon which it is predicated; (2) gives the IRS an opportunity to correct errors; and (3) limits any subsequent litigation to those grounds that the IRS had an opportunity to consider and is willing to defend. See *id*. at 1138–40; *Union Pac. R.R. v. United States*, 182 Ct.Cl. 103, 389 F.2d 437, 442 (1968). Had Lockheed Martin complied with this regulation and submitted a detailed listing of particular expenses to the I.R.S. with its tax refund claim, the exact factual basis of its tax refund claim would have been provided and there would be no dispute that Lockheed Martin could not vary from that list of expenses. See *Armstrong Rubber Co. v. United States*, 207 Ct.Cl. 1023 (1975) (holding that substantial variance rule prohibited a taxpayer from adding assets to the list that formed the basis for its refund claim because the claim was never amended to include those assets).

*Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000).

Plaintiffs attempt to persuade the Court that the substantial variance doctrine does not apply. It argues the inclusion of rebates and manually entered pharmacy claims were merely additional evidence of the single stream of receipts going to the total amount of the deduction it seeks.

Plaintiffs' argument, however, fails to acknowledge that they originally specifically excluded these amounts throughout the entire administrative claims

period and indeed, through this action until it was asserted in the expert reports.

Plaintiffs' addition of this revenue does not merely add additional evidence. It changes the facts upon which the IRS assessed Plaintiffs' claims. Plaintiffs specifically declined to include these items in its claim. As such, the IRS was not given the opportunity to review whether they were properly designated as gross receipts. The introduction of additional gross receipts constitutes a substantial variance of the factual basis of Plaintiffs' claims. *Lockheed Martin*, 210 F.3d at 1371. The claims were based on a finite group of receipts that was analyzed by Plaintiffs to constitute DPGR, whereas the rebates and manually entered pharmacy claims were affirmatively designated as non-refund eligible.

Plaintiffs also argue Defendant waived the substantial variance doctrine by considering allocation of DPGR because it took action on the merits of the calculation of the amount of Qualifying Receipts Plaintiff derived from its Plan Sponsor' use of the Software. Plaintiffs' argument ignores the fact that Plaintiffs specifically exempted the rebates and manually entered mail pharmacy claims, *ergo*, Defendant could not have considered the merits of these claims because they were not before the IRS for examination.

Plaintiffs' attempt to establish waiver of the doctrine through the IRS's rebuttal to Plaintiffs' protest fairs no better. The IRS's statement acknowledging that Plaintiffs "concede[] that when a plan member calls by phone to its mail order

6

service for a refill it does not constitute direct access by the plan member to the [Software], and that gross receipts from such transactions are not DPGR" shows the IRS relied on Plaintiffs' representations and did not consider the merits of any of the excluded gross receipts in its claim determination.

## Conclusion

Plaintiffs' claims for the rebates and the manually entered mail order pharmacy claims are barred by the substantial variance doctrine. They rely on facts not presented to the IRS in its claims for refund. As such, they are excluded from any calculation of Plaintiffs' claims for the years 2010, 2011, and 2012.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Partially Dismiss Express Scripts Claims for Lack of Jurisdiction is GRANTED.

Dated this 24th day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE